UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TYMIEK I. MCCOY,

                Plaintiff,

     -against-

OLIVIER ROCHE, ROCHE LAW GROUP P.C.,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**
23-CV-2651(OEM)(AYS)

**ORELIA E. MERCHANT, United States District Judge:**

Plaintiff Tymiek I. McCoy ("Plaintiff" or "McCoy") brings this *pro se* civil rights action against Olivier Roche ("Roche") and Roche Law Group P.C. ("Roche Law," together with Roche "Defendants"), pursuant to 42 U.S.C. § 1983 ("Section 1983"). Before the Court is the *pro se* complaint filed by Plaintiff while incarcerated at the Riverhead Correctional Facility together with an application to proceed *in forma pauperis* ("IFP") and a Prisoner Litigation Authorization Form ("PLA"). *See* PLA, ECF 8; Complaint ("Compl."), ECF 9; Motion for Leave to Proceed IFP, ECF 10. For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is granted. However, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

Plaintiff's complaint, submitted on the Court's Section 1983 form, appears to challenge legal representation provided to him by Roche and Roche Law during court appearances on three occasions in 2022 in an ongoing underlying state court criminal prosecution pending in the First District Court, Suffolk County.[1] *See* Compl. at 3. Plaintiff alleges "misconduct" by Roche.

---

[1] According to records publicly available on the New York State Unified Court System website, Plaintiff was indicted in Suffolk County Court-Criminal Term under Indictment No. 70356-23/001. *See* https://perma.cc/6JZC-HHME (last visited on August 28, 2023). Plaintiff pled not guilty on February 22, 2023, and is awaiting trial in custody having not posted bail or a bond. *Id*.

*Id*.  Specifically, Plaintiff alleges that Roche "waived [McCoy's] 180.80 and 30.30 without the knowledge nor consent from Mr. McCoy," "breached his fiduciary duties . . . by violating [McCoy's] rights under the United States Constitution by lying on and producing and official document," "held Mr. McCoy's file after he was terminated," and expressed that "he did not like Mr. McCoy."  *Id*.  As a result, Plaintiff claims to have suffered "emotional distress" and "financial hardship" as well as "prolonged detention" for which he seeks to recover a damages award in the sum of $100,000.00.  *Id.* at 3-5.

## STANDARD OF REVIEW

28 U.S.C. § 1915 allows an incarcerated litigant to pursue a claim in federal court "without prepayment of fees or security" so long as they "submit[] an affidavit" that establishes "that the person is unable to pay such fees" and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a).  However, in exchange for the privilege of maintaining an action without payment and to avoid abuse of the judicial system, § 1915(e) provides a mechanism for the Court to initially review the complaint prior to the issuance of summons and the commencement of the adversarial process.  *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*) ("[W]e are not unmindful of the mounting concern over the ever-increasing caseload burdening the federal courts, and the growing view that judges must be alert to prevent the dissipation of limited judicial resources on claims that are frivolous or are brought in bad faith.").

Thus, the Court's duty at this stage involves two "distinct" tasks: (1) reviewing Plaintiff's

affidavit and assessing his inability to pay the filing fee,[2] and (2) reviewing the complaint on the merits. *See id.* ("The statutory scheme recognizes, however, that whether a plaintiff qualifies for *in forma pauperis status* and whether his claims have merit present two distinct issues.").

As to whether Plaintiff qualifies for *in forma pauperis* status, that "decision . . . is left to the District Court's discretion[.]" *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). "The Supreme Court has long held that 'an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life.'" *Brooks v. Aiden 0821 Cap. LLC*, No. 19-CV-6823 (GRB) (AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948)) (internal quotation marks omitted). "Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick*, 701 F.2d at 244.

At the initial review of the complaint, a district court "shall" dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In practice, "[t]he standard for dismissal of an action or appeal taken *in forma pauperis* is identical to the standard for dismissal on a motion made pursuant to Fed. R. Civ. P. 12(b)(6)." *Fridman*, 195 F. Supp. 2d at 538. That is, the complaint must survive the *Iqbal-Twombly* pleading standard and "must contain sufficient factual matter, accepted as true, to

---

2 As of the date of this order, the current filing fee for civil cases in this district is $402.00. *See* Court Fees, Eastern District of New York, *available at* https://perma.cc/9Z9L-TNZG

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyer"). Nonetheless, a *pro se* plaintiff must also "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

## DISCUSSION

### I. Motion to Proceed *In Forma Pauperis*

Upon review of Plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that Plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted.

### II. Review of the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A

Although Plaintiff used the Court's Section 1983 complaint form, it is clear that Plaintiff seeks to challenge the legal representation provided to him by attorney Roche and his firm Roche Law.

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

4

> be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant: (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*.

### A. Lack of State Action

Plaintiff's Section 1983 claims against Roche and Roche Law necessarily fail because the Defendants are not state actors and Plaintiff has not alleged that Defendants conspired or jointly acted with a state actor to violate his constitutional rights. *See, e.g.*, *Mercado v. Orange Cty. Legal Aid Soc'y*, No. 19-CV-11904 (CM), 2020 WL 635579 at *2 (S.D.N.Y. Feb. 10, 2020) ("[T]he representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender.") (citing *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004)). "[I]t is axiomatic that a 'public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Flores v. Levy*, No. 07-CV-3753, 2008 WL 4394681, at *7 (E.D.N.Y. Sept. 23, 2008) (citing, *inter alia*, *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (internal quotation marks omitted).

Here, Plaintiff does not allege that Defendants acted outside "a lawyer's traditional

5

functions as counsel" nor does he allege any basis from which the Court could reasonably construe that Defendants engaged in any "concerted action" with a state actor. *Rodriguez*, 116 F.3d at 66; *Mercado*, 2020 WL 635579 at *2. "Section 1983 'was enacted to redress civil rights violations by persons acting under color of State law' and should not be used by clients disappointed with the performance of their attorneys." *Brooks v. New York State Supreme Court*, No. 02-CV-4183, 2002 WL 31528632, at *3 (E.D.N.Y. Aug. 16, 2002) (citation omitted). Accordingly, Plaintiff has not alleged a plausible Section 1983 claim against Defendants and these claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

    **B.**    **State Law Claims**

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint.

Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint.

### III. Leave to Amend

In light of the pleading deficiencies set forth above, the Court has considered whether Plaintiff should be given an opportunity to re-plead. Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the deficiencies in Plaintiff's claims are substantive in nature and, as such, cannot be remedied by amendment. Thus, an amendment would be futile and leave to amend accordingly is denied. Plaintiff may pursue any valid claims he may have against Defendants in state court.

### CONCLUSION

Based on the foregoing, Plaintiff's application to proceed *in forma pauperis* is granted. However, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1). In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to amend his complaint but finds that amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011). The Clerk of Court shall enter judgment accordingly and mark this case closed. The Clerk of Court shall also mail a copy of this Order to Plaintiff at his address of record and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

                       /s/Orelia E. Merchant
                       **Orelia E. Merchant**
                       **United States District Judge**

Dated:  August 28, 2023
      Brooklyn, New York